# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

KING JOSEPH PENSON, II      §
     §
v.      §      CIVIL ACTION NO. 3:26-CV-1348-S-BN
     §
LAKEVIEW LOAN SERVICING, LLC      §

### ORDER

Plaintiff King Joseph Penson, II filed this lawsuit against Defendant Lakeview Loan Servicing, LLC, in a Hunt County, Texas state court, and Defendant removed. *See* ECF No. 1. The United States Magistrate Judge, based on his review of the notice of removal, then recommended that the Court dismiss this lawsuit on its own motion under Federal Rule of Civil Procedure 12(b)(6) because this action is barred by res judicata, a defense that appears on the face of the pleadings. *See* ECF No. 7.

After removal, Plaintiff filed two motions, including a motion to remand for lack of subject-matter jurisdiction based on the amount in controversy. *See* ECF No. 5. And the Magistrate Judge recommended that the motion to remand be denied because Defendant has established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. *See* ECF No. 12.

Plaintiff objected to both recommendations. *See* ECF Nos. 11, 13. And, as an attempt to amend his allegations to avoid the minimum amount in controversy, Plaintiff filed a first amended complaint as a matter of course. *See* ECF No. 8. Plaintiff then filed, without first obtaining either consent or leave, an unauthorized second amended complaint [ECF No. 14], which the Court disregards. *See* FED. R. CIV. P. 15(a).

"Once the district court [has] found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal," so "[a]n amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). The Court will therefore not consider Plaintiff's amended allegations in determining whether there was subject-matter jurisdiction at the time of removal. *See, e.g., Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2016 WL 5815892, at *8 (N.D. Tex. Oct. 5, 2016) ("[H]ere, it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, [so] post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. Although Plaintiff has attempted to reduce the amount in controversy through the First Amended Petition, post-removal amendments do not destroy this Court's removal jurisdiction." (cleaned up)).

Accordingly, the Court has reviewed de novo those portions of the proposed findings, conclusions, and recommendation as supplemented to which objection was made, and reviewed the remaining portions for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 7] and the Supplemental Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 12].

Consistent with this order, the Court will enter a separate final judgment under Federal Rule of Civil Procedure 58.

**SO ORDERED.**

SIGNED June 9, 2026.

UNITED STATES DISTRICT JUDGE

2